UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Troy Riley,                                        Case No. 3:21-cv-2046

           Plaintiff,

v.                                                  MEMORANDUM OPINION
                                                               AND ORDER

FCA US LLC,

           Defendant.

## I. INTRODUCTION

Defendant FCA US LLC moves to dismiss the claims asserted by Plaintiff Troy Riley as unexhausted hybrid § 301 claims under the Labor Management Relations Act ("LMRA"). (Doc. No. 8). Riley filed a brief in opposition, (Doc. No. 9), and FCA filed a brief in reply. (Doc. No. 11). For the reasons stated below, I deny FCA's motion.

## II. BACKGROUND

Riley began working for FCA as a production operator in 1994. Riley suffers from post-traumatic stress disorder and Sciatica. (Doc. No. 1 at 3). During the course of his employment, Riley received treatment for his conditions. In 2018, his physician recommended Riley apply for intermittent medical leave under the Family and Medical Leave Act ("FMLA") in order to help manage his back pain. (*Id.*). Riley applied for and received authorization to take up to three days off work per week, though he used only one of the three days each week. (*Id.*). Riley alleges this pattern continued without incident for approximately two years.

Riley asserts FCA's human resources department began to harass him for his use of medical leave in 2020. While he initially was told his FMLA paperwork needed to be submitted annually, HR told Riley's union steward in October 2020 that Riley's doctor should have submitted the paperwork every six months. Riley alleges he was marked absent as a result and subsequently suspended without pay for 10 days. (*Id.* at 4). Riley then contacted his doctor, who again submitted the FMLA documentation. Riley alleges he continued to use his approved FMLA leave until February 12, 2021, when he was terminated.

Riley filed a charge of discrimination with the Equal Employment Opportunity Office. He received a right to sue letter on July 30, 2021, (Doc. No. 1-1), and timely filed suit on October 28, 2021. He asserts claims for disability discrimination in violation of the Americans with Disabilities Act ("ADA") and Ohio Revised Code § 4112.02, failure to accommodate in violation of the ADA and § 4112.01 *et seq.*, and interference and retaliation claims under the FMLA.

### III. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV. ANALYSIS

FCA argues Riley's claims must be dismissed because (1) those claims "are based entirely on or intertwined with rights found in the CBA" and therefore should have been pled under § 301, and

(2) even if Riley's claims are construed as hybrid § 301 claims, those claims are barred by the six-month limitations period applicable to § 301 claims. (Doc. No. 8 at 6-7). In FCA's view, "proof of [Riley's] claims depends exclusively on the Court's interpretation and/or analysis of the terms of an agreement made between the parties to a labor contract . . . ." (*Id.* at 7). FCA's arguments are not persuasive.

FCA's argument relies almost entirely on my decision in *Liggons v. General Motors, LLC*, Case No. 3:20-cv-1208. (*See* Doc. No. 8 at 9-10). As FCA states, in that case, I concluded the plaintiff's discrimination claims were actually § 301 claims because his claims "necessarily depend[ed] on the assumption that the terms of the CBA entitle him to what he claims he did not receive based upon his race and disability[, and as] . . . a result, those claims cannot be resolved without interpreting the terms of the CBA." *Liggons v. Gen. Motors, LLC*, No. 3:20-CV-1208, 2021 WL 1214831, at *3 (N.D. Ohio Mar. 31, 2021); (*see* Doc. No. 8 at 10).

But FCA's citation ignores vital context. In the paragraph immediately preceding the quotation on which FCA relies, I stated: "The adverse employment actions Liggons identifies depend upon his rights under the CBA. While he attempts to deflect attention from the CBA, he offers no other plausible source for the rights he contends were injured." *Liggons*, 2021 WL 1214831, at *3 (emphasis added). A review of Liggons' allegations demonstrates that the rationale for finding § 301 applied in that case do not exist here. *See id.* (noting Liggons alleged his suspensions were "not authorized per contractual language"; certain disciplinary sanction was "contractually void"; the series of disciplinary and wage issues "clearly breached the labor contractual provisions.").

That plainly is not the case here. Riley seeks to enforce substantive rights provided by federal and state law. (*See, e.g.,* Doc. No. 1 at 3-4 (alleging FCA suspended Riley for absences related to his FMLA-qualifying condition)). While Riley alleges FCA informed him he was being terminated

3

for absenteeism and that FCA violated the terms of its disciplinary policy, (*id.* at 5-6), these types of allegations are commonly and properly understood as allegations that the plaintiff was terminated for discriminatory, rather than legitimate, reasons. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011) ("Under the *McDonnell Douglas* burden-shifting framework, once a plaintiff makes out a *prima facie* case, the burden shifts to the defendant to articulate a non-discriminatory explanation for the employment action, and if the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's explanation is pretextual."). That is, Riley did not transform his discrimination and FMLA claims into hybrid § 301 claims simply by anticipating that FCA will rely on policies and procedures authorized by the CBA in order to defeat those claims. *See, e.g., Watts v. Unit. Parcel Serv., Inc.*, 701 F.3d 188, 193 (6th Cir. 2012) (holding defendant's reliance on the CBA in defense of plaintiff's ADA claim did not convert plaintiff's claim into a § 301 claim); *O'Shea v. Detroit News*, 887 F.2d 683, 687 (6th Cir. 1989) ("[E]mployees have the right not to be discriminated against on the basis of age or handicap without regard to the collective bargaining agreement's language about an employee's rights.").

FCA fails to show Riley's claims arise from the CBA. Therefore, I reject its contention that his claims must be construed as hybrid § 301 claims.

## V.  CONCLUSION

For the reasons stated above, I deny FCA's motion to dismiss. (Doc. No. 8).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4